# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50205 | **DATE** | 11/5/2012 |
| **CASE TITLE** | Nipponkoa Insurance Co., Ltd. vs. NDK Crystal, Inc., et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' petition for certification of interlocutory appeal [61] is denied. Defendants' motion to stay [61] is denied as moot.

■[ For further details see text below.]

Docketing to mail notices.

In this declaratory judgment action, plaintiff, Nipponkoa Insurance Company, Limited (U.S. Branch) ("Nipponkoa"), and defendants, NDK Crystal, Inc. and NDK America, Inc. (collectively, "NDK"), dispute whether there is insurance coverage under Nipponkoa's policy for an explosion at NDK's facility. Although this court initially granted NDK's motion to dismiss Nipponkoa's first cause of action and its motion for partial judgment on the pleadings with respect to Nipponkoa's second cause of action, the court later determined that it had improperly applied case law involving third-party insurance contracts to this first-party insurance dispute and granted Nipponkoa's motion for reconsideration. Obviously dissatisfied with that result, defendants now seek permission to file an interlocutory appeal raising the following question on appeal:

> Under a *first-party* insurance policy, can an Insurer that had knowledge of the risks which formed the basis of its fortuity defense, but did not exclude those risks from coverage, claim that it is not liable for the losses occasioned by those risks?

Notably, NDK does not seek to challenge at this time any other portion of this court's decision, including its ruling with respect to Count Two of the complaint.

A court may certify a question for interlocutory appeal if it presents "a controlling question of law as to which there is a substantial ground for difference of opinion and . . . an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). A party seeking an interlocutory appeal must satisfy each requirement of the statute. See Ahrenholz v. Bd. of Trs. of Univ. of Ill., 219 F.3d 674, 675 (7th Cir. 2000). In addition, the petitioner must demonstrate that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); see also Happel v. Wal-Mart Stores, Inc., No. 02 C 7771, 2006 WL 1840382, at *2 (N.D. Ill. June 29, 2006) ("The party seeking review bears a heavy burden because only exceptional cases justify departure from the final judgment rule.").

The Seventh Circuit has explained that an interlocutory appeal is appropriate when "(1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; [and] (4) its resolution will expedite the resolution of the litigation." Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief & Dev., 291 F.3d

1000, 1007 (7th Cir. 2002).[1] Because NDK cannot meet any of these requirements, the petition for certification of interlocutory appeal is denied.

First, "[p]roper questions of law are abstract legal questions that a court of appeals may decide quickly and cleanly without having to study the record. Section 1292(b) therefore requires pure legal questions that are fact-independent." Happel, 2006 WL 1840382, at *3 (citation and quotation marks omitted). Here, even assuming that Missouri Pacific Railroad Co. v. American Home Assurance Co., 286 Ill. App. 3d 305 (1997), was applicable, there would still be questions of fact concerning the relative knowledge of the parties. Thus, the proposed interlocutory appeal does not present a question of law that can be quickly and cleanly decided.

Second, the proposed appeal does not present a controlling issue because it leaves completely untouched Nipponkoa's alternative argument for denial of coverage raised in Count Two of its complaint. Thus, even if NDK was successful in its appeal and was able to get Count One dismissed on the pleadings, the case would still be far from over.

Third, the court does not believe that NDK has raised a contestable issue. "A question of law is contestable if there are substantial conflicting decisions regarding the claimed controlling issue of law, or the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on appeal." Gamboa v. City of Chi., No. 03 C 219, 2004 WL 2877339, at *4 (N.D. Ill. Dec. 13, 2004) (alteration, citations, and quotation marks omitted). The fact that the court misapprehended the issue in its first order before correcting course in its subsequent order does not automatically make the issue contestable. In fact, NDK has failed to cite any relevant authority that indicates this court's decision was wrong with respect to the issue of fortuitous losses in a first-party insurance coverage dispute, but instead relies on a hypothetical example from Outboard Marine Corp. v. Liberty Mutual Insurance Co., 154 Ill. 2d 90 (1992), and decisions from other jurisdictions that are not controlling with respect to the interpretation of Illinois law. Based on this lack of conflicting authority, as well as the court's review of the arguments previously raised by NDK, the court does not believe that its ruling will be reversed on appeal.

Finally, as noted above, there are several reasons why a favorable determination of NDK's proposed issue for appeal will not expedite the ultimate resolution of the litigation, including the fact that a factual determination of the knowledge of the parties would still need to be made and the issues raised by Nipponkoa's second cause of action would still need to be resolved. Thus, there is no basis to conclude that allowing this interlocutory appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

For all these reasons, the court finds that NDK has not met its heavy burden of demonstrating that an interlocutory appeal is appropriate, and its petition for certification is denied.[2]

---

1. There is an additional, non-statutory factor that must be met, namely that "the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed," Boim, 291 F.3d at 1007, but the parties do not dispute that the instant petition was timely.

2. Based on this court's ruling, NDK's motion to stay certain proceedings pending appeal is denied as moot.