IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| NIPPONKOA INSURANCE COMPANY, LIMITED (U.S. BRANCH), | )<br>)<br>) |
| Plaintiff, | ) Case No: 11 cv 50205<br>) |
| v. | ) District Judge Frederick J. Kapalla<br>) |
| NDK CRYSTAL, INC., an Illinois Corporation, and NDK AMERICA, INC., an Illinois corporation, | ) Magistrate Judge P. Michael Mahoney<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Defendants' Motion to Strike Certain Portions of Plaintiff's Supplemental Rule 26(a)(1) and Rule 26(a)(2) Disclosures is granted in part and denied in part. See "STATEMENT" below for details.

DATE: 3/19/2014

Honorable P. Michael Mahoney
U.S. Magistrate Judge

## STATEMENT

In this declaratory judgment action, plaintiff, Nipponkoa Insurance Company, Limited (U.S. Branch) ("Nipponkoa"), and defendants, NDK Crystal, Inc. and NDK America, Inc. (collectively, "NDK"), dispute whether there is insurance coverage under Nipponkoa's policy for an explosion at NDK's facility in Belvidere, Illinois on December 7, 2009.

1

Pursuant to its Congressional mandate, the Chemical Safety and Hazard Investigation Board ("CSB") performed an investigation into the explosion at the NDK facility. As part of its investigation, the CSB reached certain conclusions as to the cause of the explosion and compiled a video of its findings and an official report; the investigation was completed on or about November 14, 2013. Additionally, the CSB released statements on its website and to news agencies of its findings.

On November 15, 2013, Nipponkoa served upon NDK its Supplemental Rule 26(a)(1) and 26(a)(2) Disclosures. On December 6, 2013, NDK filed its Motion to Strike Certain Portions of Plaintiff's Supplemental Rule 26(a)(1) and Rule 26(a)(2) Disclosures.

I. **NDK'S Motion to Strike Certain Portions of Plaintiff's Supplemental Rule 26(a)(1) and 26(a)(2) Disclosures**

In its motion to strike, NDK asks the Court to exclude all evidence from the CSB investigation pursuant to 42 U.S.C. 7412(r)(6)(G) and 40 C.F.R. 1611.3. As a result, NDK argues that Nipponkoa's Supplemental 26(a)(1) and 26(a)(2) Disclosures should be stricken in part.

Under Rule 26 of the Federal Rules of Civil Procedure,

> . . . a party must, without awaiting a discovery request, provide to the other parties: the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment . . . .

*Fed. R. Civ. P. 26(a)(1)(A)(i).*

In its Supplemental 26(a)(1) and 26(a)(2) Disclosures, Nipponkoa identified five employees of the U.S. Chemical Safety and Hazard Investigation Board. However, Nipponkoa did not identify whether or not the employees were 26(a)(1) or 26(a)(2) witnesses. For each of

the CSB employees identified, Nipponkoa asserts that each individual has "[i]nformation on the investigation and cause of the December 7, 2009 explosion of vessel No. 2, including the failure mechanism of the vessel and the failure of NDK to investigation despite warnings." Further, pursuant to Rule 26(a)(1)(A)(ii), Nipponkoa identified the CSB investigative report and any corresponding materials, including but not limited to video presentations as things that it may use to support its claims and defenses in this action.

NDK argues that 42 U.S.C. 7412(r)(6)(G) of the Clean Air Act Amendments and the Federal Regulations promulgated thereunder, prohibit the testimony of any witness or investigator from the CSB, as well as any documents reports, conclusions, findings, or other statements, including video and press releases, related to the CSB investigation of the explosion as evidence or for any other use at trial.

a. **Use of CSB Investigative Reports as Evidence**

The Clean Air Act Amendments of 1990 (the "Act") provides for the establishment of the CSB. *42 U.S.C. 7412(r)(6)*. Pursuant to the Act, the CSB "shall . . . investigate . . . the cause or probable cause of any accidental release resulting in a fatality, serious injury or substantial property damages . . . ." See *Id. 7412(r)(6)(G)*. However, the Act expressly prohibits the use of certain portions of the CSB's investigative report in civil actions, stating:

> No part of the conclusions, findings, or recommendations of the Board relating to any accidental release or the investigation thereof shall be admitted as evidence or used in any action or suit for damages arising out of any matter mentioned in such report.

*42 U.S.C. 7412(r)(6)(G)*.

3

NDK interprets this section of the Act to completely ban the use of the entire investigative report as evidence. In support of its position, NDK cites to 40 C.F.R. 1611.3(a), which states:

> The Statute creating the CSB, 42 U.S.C. 7412(r)(6)(G), precludes the use or admission into evidence of CSB investigative reports in any suit or action for damages arising from such incidents . . . .

*Id.*

Nipponkoa argues that the Act only bans certain portions of the CSB's investigative report; specifically, the conclusions, findings or recommendations. The Court finds Nipponkoa's position more persuasive. By the plain language of Section 7412(r)(6)(G) of the Act, Congress's intent is clear, "[n]o part of the conclusions, findings, or recommendations of the Board . . . shall be admitted as evidence or used in any action or suit for damages arising out of any matter mentioned in such report." *Id.* Further, 40 C.F.R. 1611.3(a) cites solely to the Act. Therefore, the language of the statute controls.

As a result, the Court finds the Act prohibits the use of any part of the conclusions, findings, or recommendations that the Board came to as a result of its investigation; use of anything other than the conclusions, findings, or recommendations contained within the CSB report are not prohibited by the Act. In accordance with this, NDK's motion to strike Nipponkoa's Rule 26(a)(1)(A)(ii) disclosure containing the CSB investigative report and for an order barring the use of any portion of the CSB report is granted in part and denied in part.

b. **Permissible Testimony of CSB Employees or Investigators**

Turning to permissible testimony of CSB employees, NDK argues that the use of CSB employees or investigators to give testimony in this lawsuit is prohibited by 40 C.F.R. 1611.3.

4

Section 1611.3 and 1611.4 define the scope of permissible testimony of CSB employees, which states in pertinent part:

> (b) . . . employees may only testify as to the factual information they obtained during the course of an investigation. However, they shall decline to testify regarding matters beyond the scope of their investigation, and they shall not give any expert or opinion testimony.
>
> (c) CSB employees may testify about the firsthand information they obtained during an investigation that is not reasonably available elsewhere, including their own factual observations.
>
> (d) Consistent with 42 U.S.C. 7412(r)(6)(G), a CSB employee may not use the CSB's investigation report for any purpose during his testimony.
>
> (e) No employee may testify in any matter absent advance approval by the General.

CSB employees may testify in civil actions. However, the scope of their testimony is limited to firsthand factual information, obtained during an investigation, that is not reasonably available elsewhere. Further, CSB employees may not give any expert or opinion testimony.

Also, 40 C.F.R. 1611.4(a) states, "[t]estimony of CSB employees with unique, firsthand information may be made available for use in civil actions or civil suits for damages arising out of incidents through depositions or written interrogatories. CSB employees are not permitted to appear and testify in court in such actions." *Id.* As a result, pursuant to 40 C.F.R. 1611.3(b), the Court finds that CSB employees may not be used as 26(a)(2) witnesses, and strikes Nipponkoa's Supplemental 26(a)(2) disclosures.

Turning to Nipponkoa's Rule 26(a)(1) disclosures, as stated *supra*, ". . . a party must, . . . provide to the other parties: the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . ." *Fed. R.*

*Civ. P. 26(a)(1)(A)(i)*. The Court finds that Nipponkoa's description of the subject matter for which the individuals identified likely have discoverable information, is in conformity with the requirements of Rule 26(a)(1). As a result, NDK'S Motion to Strike Nipponkoa's Supplemental 26(a)(1) disclosures is denied.

## Conclusion

For the foregoing reasons, Defendants' Motion to Strike Certain Portions of Plaintiff's Supplemental Rule 26(a)(1) and Rule 26(a)(2) Disclosures is granted in part and denied in part..

**ENTER: 3/19/2014**

_____
Honorable P. Michael Mahoney
U.S. Magistrate Judge